** Summary **
COUNTY ASSESSOR DETERMINATION OF ASSESSED VALUE OF PROPERTY The county assessor is not lawfully required to use any particular information, facts or figures as a basis for determining the assessed value of real property and tangible personal property. The Attorney General has considered your request for an opinion wherein you ask the following question: "What information, facts, and figures available is each county assessor lawfully required to use as a basis for determining the assessed value of real property and tangible personal property?" The Oklahoma Constitution provides for the assessment of real property and tangible personal property in Article X, Section 8 as follows: "All property which may be taxed ad valorem shall be assessed for taxation at a fair cash value, estimated at the price it would bring at a fair voluntary sale, except real property and tangible personal property shall not be assessed for taxation at more than thirty-five percent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale; and any officer or other person authorized to assess values or subjects for taxation, who shall commit any wilful error in the performance of his duty, shall be deemed guilty of malfeasance, and upon conviction thereof shall forfeit his office and be otherwise punished as may be provided by law." Title 68 O.S. 2427 [68-2427] (1971) provides: "(a) All taxable personal property, except intangible personal property, shall be listed and assessed each year at not to exceed thirty five percent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale, as of the first day of January, except that all unmanufactured farm products shall be assessed and valued as of the preceding May 31st, at not to exceed thirty-five percent (35%) of its value on that date instead of January 1st; provided, that stocks of goods, wares and merchandise shall be assessed at the value of the average amount on hand during the preceding year, or the average amount on hand during such part of the preceding year the stock of goods, wares or merchandise was at its January 1st location. "(b) All taxable real property shall be assessed annually, at not to exceed thirty-five percent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale, as of the first day of January of each year, but need not be listed with the county assessor." Title 68 O.S. 2435 [68-2435] (1971) provides: "(a) The return of the taxpayer shall not be conclusive as to the value or amount of any property. The County Assessor shall have the authority and it shall be his duty to raise or lower the returned value of any property, not to exceed thirty-five per cent (35%) of the fair cash value thereof, estimated at the price it would bring at a fair voluntary sale. "(b) The County Assessor shall assess and value all property, both real and personal, which is subject to assessment by him, and shall place a separate value on the land and improvements in assessing real estate; and he shall do all things necessary, including the viewing and inspecting of property, to enable him to assess and value all taxable property, determine the accuracy of assessment lists filed with him, discover and assess omitted property, and determine the taxable status of any property which is claimed to be exempt from ad valorem taxation for any reason." In Opinion No. 68-141, 1 Okl. Op. A. G. 66, the Attorney General held that there is no statutory schedule evaluation which a county assessor must follow. The opinion relied upon the case Albright Parking System v. County Board of Equalization, Okl., 375 P.2d 891, wherein the Supreme Court held: "Moreover, we think that the manner in which the county assessor arrived at the subject property's assessed valuation is of little significance, if the figure resulting therefrom is truly representative of the said property's fair cash value." Title 68 O.S. 2481.6 [68-2481.6] (1971) provides: "The Oklahoma Tax Commission shall make and publish such rules, regulations and guides which it determines are needed to supplement materials presently published by the Oklahoma Tax Commission for the general guidance and assistance of county assessors. Each assessor is hereby directed and required to value property in accordance with the standards established by law." There is no statutory schedule which a county assessor must follow in assessing property, except that it must be assessed at the price it would bring at a fair voluntary sale. The Legislature has authorized the Oklahoma Tax Commission to promulgate rules and regulations for the purpose of aiding and assisting county assessors in property valuation. It is, therefore, the opinion of the Attorney General that the county assessor is not lawfully required to use any particular information, facts or figures as a basis for determining the assessed value of real property and tangible personal property. (Yvonne Sparger) ** SEE: OPINION NO. 88-014 (1988) **